UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELDORADO BROWN,

        Plaintiff,

v.

KING COUNTY, et al.,

        Defendants.

Case No. 2:25-cv-02038-LK-TLF

ORDER

Plaintiff proceeds pro se in this 42 U.S.C. § 1983 civil rights action. Plaintiff is currently detained at the King County Jail. Plaintiff originally filed his complaint in the King County Superior Court on September 30, 2025. Dkt. 1-1. On October 20, 2025, defendants removed the action to this Court. Dkt. 1. On October 27, 2025, defendants filed an answer to the complaint. Dkt. 5.

Plaintiff's complaint alleges his classification officer, defendant John Hurt, violated his rights under the Americans with Disabilities Act ("ADA") and was deliberately indifferent to his serious medical needs. Dkt. 1-1. He alleges he made requests to defendant Hurt related to his mental health but that defendant Hurt failed to notify medical or mental health staff and that plaintiff subsequently attempted suicide. *Id.* Plaintiff also alleges a jail staff member, defendant Jennifer Schneider, violated his right to due process and his rights under the ADA by placing him on a phone restriction without notice or due process. *Id.* Plaintiff alleges another jail staff member, Quinton

ORDER - 1

Xavier Dozier, violated his rights under the Eighth and Fourteenth Amendments by using excessive force against him. *Id.* Plaintiff alleges defendant Dozier physically assaulted him while he was experiencing a mental health crisis causing him to suffer injuries to his shoulder, arm and knee. *Id.* Plaintiff alleges defendant Kleeman Glenet, violated his rights under the First Amendment and the Religious Land Use and Indigenous Peoples Act ("RLUIPA") by denying plaintiff Ramadan meals. *Id.*

The record does not currently show whether plaintiff would be willing to have a pro bono lawyer appointed to represent him. But given the nature of plaintiff's allegations and his statements regarding his significant mental health issues, plaintiff is advised that the Court will entertain a motion for appointment of counsel if plaintiff chooses to file such a motion.

The Court notes that no constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff "may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). At the same time, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding in forma pauperis. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009). When determining whether exceptional circumstances exist, a district court must consider both the "likelihood of…success on the merits" and whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor is dispositive, both must be viewed together. *Id*.

Plaintiff is also advised that if he does move for appointment of counsel, and the Court finds appointment appropriate, the Court will take steps to identify a pro bono attorney, but it cannot guarantee that it will be able to locate an attorney willing to represent plaintiff pro bono in this matter.

Plaintiff has also filed a letter with the Court stating that the jail will not give him legal access, supplies or computer access. Dkt. 6. He indicates he has money in his account to pay for supplies and requests the Court notify the jail to place him on the "pro se legal list." *Id.* But plaintiff also attaches an email to his letter that appears to reflect that the jail has his status as "pro se." *Id.* Plaintiff fails to demonstrate an order directing the jail to place him on a specific list is appropriate at this time. However, to the extent plaintiff is seeking confirmation of the status of his case to provide to the jail, the Court confirms that plaintiff has a pending 42 U.S.C. § 1983 action in this Court.

The Clerk is directed to provide a copy of this Order and a copy of the docket sheet to plaintiff and a copy of this Order to counsel for defendants.

Dated this 12th day of November, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 3