UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELDORADO BROWN,

                Plaintiff,

v.

KING COUNTY, et al.,

                Defendants.

Case No. 2:25-cv-02038-LK-TLF

ORDER DENYING MISCELLANEOUS MOTIONS

This matter comes before the Court on plaintiff's "motion for perjury of defendant Quinton Xavier Dozier" (Dkt. 10), motion for deposition requests for Kleeman Glenet and for John Hurt (Dkts. 12, 14) and "motion for discovery objection telephone conference" (Dkt. 15).

Plaintiff has filed two motions for deposition "requests." Dkts. 12, 14. Plaintiff's motions do not appear to be motions to compel[1] but rather appear to be requests to conduct depositions of two individuals. Except under limited circumstances (plaintiff does not argue those circumstances would apply), a party to an action generally does not require leave of the Court to conduct depositions. *See* Fed. R. Civ. P. 30 (a) (1), (2) and 31 (a) (1), (2). Plaintiff may not serve discovery requests through the Court. *See*

---

[1] To the extent plaintiff's motions could be construed as motions to compel he fails to show he has satisfied the meet and confer requirement prior to filing the motions. See Fed. R Civ. P. 37(a)(1) (requiring that motions to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

Local Civil Rule ("LCR") 5 ("discovery requests and responses must not be filed until they are used in the proceedings or the court orders filing"). If plaintiff wishes to conduct discovery, he must mail discovery requests, or notices of deposition, to defendants' counsel. Plaintiff's motions (Dkts. 12, 14) are denied.

Plaintiff has also filed a "motion for perjury of defendant Quinton Xavier Dozier" (Dkt. 10). Plaintiff contends that defendant Dozier's response to plaintiff's first request for admissions "is a lie." *Id.* Plaintiff contends a use of force report, incident report and video evidence will show "defendant did not 'rather walked down a flight of stairs.'" *Id.* Plaintiff is apparently requesting the Court make a finding that a defendant has committed perjury in a discovery response or a finding of fact in the case, his motion is premature as discovery has just commenced in the case. Accordingly, plaintiff's motion (Dkt. 10) is denied as premature.

Plaintiff has also filed a "motion for discovery objection telephone conference" (Dkt. 15). In his motion plaintiff requests a "telephone conference with defendant to discuss discovery objections and disclosure request" prior to filing a motion to compel. *Id.* But no action is required of the Court for plaintiff to request a discovery conference with defense counsel. Furthermore, defendants assert that plaintiff has recently signed a release of authorization for his medical records and a stipulated protective order which will allow defendants to obtain and provide certain documentation. Dkt. 20. Defendants state that this should resolve prior objections to discovery requests. *Id.* Plaintiff did not reply to or otherwise dispute this point. Plaintiff's motion (Dkt. 15) is denied.

//

ORDER DENYING MISCELLANEOUS MOTIONS - 2

The Clerk is directed to provide a copy of this order to the parties and to the Honorable Lauren King.

Dated this 8th day of January, 2026.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MISCELLANEOUS MOTIONS - 3