UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELDORADO BROWN,

Plaintiff,

v.

KING COUNTY, et al.,

Defendants.

Case No. 2:25-cv-02038-LK-TLF

ORDER APPOINTING COUNSEL, DIRECTING THE PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL, AND RE-NOTING MOTIONS

Plaintiff Eldorado Brown proceeds pro se in this 42 U.S.C. § 1983 civil rights action. This matter comes before the Court on plaintiff's motion to appoint counsel. Dkt. 77.

Plaintiff's complaint alleges his classification officer, defendant John Hurt, violated his rights under the Americans with Disabilities Act ("ADA") and was deliberately indifferent to his serious medical needs. Dkt. 1-1. He alleges he made requests to defendant Hurt related to his mental health but that defendant Hurt failed to notify medical or mental health staff and that plaintiff subsequently attempted suicide. *Id.*

Plaintiff also alleges a jail staff member, defendant Jennifer Schneider, violated his right to due process and his rights under the ADA by placing him on a phone restriction without notice or due process. *Id.* Plaintiff alleges another jail staff member, Quinton Xavier Dozier, violated his rights under the Eighth and Fourteenth Amendments

by using excessive force against him. *Id.* Plaintiff alleges defendant Dozier physically assaulted him while he was experiencing a mental health crisis causing him to suffer injuries to his shoulder, arm and knee. *Id.* Plaintiff alleges defendant Kleeman Glenet, violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying plaintiff Ramadan meals. *Id.*

Plaintiff was previously advised that given the nature of his allegations and his statements regarding his significant mental health issues, that the Court would entertain a motion for appointment of counsel if plaintiff chose to file such a motion. Dkts. 8, 62. Plaintiff has now moved for appointment of counsel in which he requests appointment and additionally indicates that the legal computer at the prison is not working, and he is unable to print any materials. Dkt. 77. Plaintiff has also submitted a financial affidavit demonstrating he is indigent and thus financially eligible for appointment of counsel.[1] *Id.*

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). At the same time, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for "any person unable to afford counsel." *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (28 U.S.C. § 1915 "confers on a district court the discretion to designate counsel to represent an indigent civil litigant.").

The Court will appoint counsel only under "exceptional circumstances." *Palmer*, 560 F.3d 965, 970 (9th Cir. 2009). When determining whether exceptional

[1] The Court notes that because this matter was removed from state court, plaintiff was not required to file a motion to proceed *in forma pauperis* in order to commence this action. But based on plaintiff's financial affidavit submitted in support of his motion to appoint counsel the Court would have granted such a motion had it been required and plaintiff has shown he is financially eligible for appointment of counsel in this case.

circumstances exist, a district court must consider both the "likelihood of…success on the merits" and whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor is dispositive, both must be viewed together. *Id*.

The Court cannot, at this stage of the litigation, definitively determine plaintiff's ultimate likelihood of success on the merits. But plaintiff's allegations regarding deliberate indifference to his mental health needs are serious and potentially complex. Plaintiff's allegations indicate he experiences significant mental health issues. Furthermore, plaintiff's numerous filings, many of which have not sought proper relief, indicate plaintiff faces significant challenges in properly litigating this matter. Accordingly, the Court finds exceptional circumstances exist warranting appointment of counsel.

It is hereby ORDERED:

(1) Plaintiff's motion to appoint counsel (Dkt. 77) is GRANTED. The Court appoints counsel contingent upon the identification of counsel willing to represent plaintiff in this matter, and counsel's appearance in this case. Plaintiff is advised that the identification of counsel willing to represent him in this matter is not guaranteed. If a lawyer is willing and available to take plaintiff's case pro bono, then an appointment would be appropriate. The Western District of Washington's pro bono coordinator is directed to identify counsel to represent plaintiff, in accordance with the Court's General Order 07-23 ("The United States District Court for the Western District of Washington's Plan for Pro Se Litigant Representation in Civil Rights Actions (As Amended, Effective January 1, 2024)")

section 4. If the Court identifies an attorney willing to represent plaintiff, the Court will issue appropriate orders formally appointing pro bono counsel. If appropriate pro bono counsel cannot be found within ninety (90) days of the date of this order, counsel will not be appointed, and plaintiff shall proceed pro se.

(2) The current pending motions consisting of defendants' motion for summary judgment (Dkt. 26), and plaintiff's motions for leave to take deposition (Dkts. 34, 35), motions to dismiss defendants Hurt and Schneider (Dkts. 38, 40), motion to strike defendants' declaration of Andrea Williams (Dkt. 39), motion to stay defendants' motion for summary judgment (Dkt. 42), motion for expedited injection [sic] (Dkt. 58), motion for defendants to copy and produce camera video footage (Dkt. 60), motion for injunction (Dkt. 63), motion requesting conference call (Dkt. 65), motion to compel defendants King County to answer grievances (Dkt. 67), motion to amend complaint (Dkt. 70), motion for extension of time re certificate of service (Dkt. 73), motion to add evidence and supplement complaint (Dkt. 78), and motion to issue to parties and supplement complaint (Dkt. 81) are re-noted to **October 30, 2026**. If counsel is appointed the Court will direct counsel to submit a joint status report informing the Court if they intend to pursue the currently pending motions.

//

//

//

//

(3) The Clerk shall send a copy of this order to plaintiff, counsel for defendants, the pro bono coordinator, and District Judge Lauren King.

Dated this 23rd day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge